```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

LARRY D. CRADDIETH,               )
                                  )
               Plaintiff,         )
                                  )
     v.                           )    No. 09 C 5964
                                  )
TARGET STORES,                    )
                                  )
               Defendant.         )
```

## MEMORANDUM ORDER

Target Corporation d/b/a Target Stores ("Target") has filed its Answer and Affirmative Defenses ("ADs") to the employment discrimination action brought against it by Larry Craddieth ("Craddieth"). This memorandum order is issued sua sponte to require Target's counsel to address two problematic aspects of that responsive pleading.

First, Target's counsel has twice (Answer ¶¶2 and 8) followed appropriate invocations of the Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimer formula by going on to say that Target "therefore" denies the Complaint's allegations that are the subject of the disclaimer. That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from both those paragraphs of the Answer.

Defense counsel's other troublesome pleading pattern

manifests itself in ADs 1, 2 and 3. Each of those ADs begins "To the extent..."--wholly contingent and speculative terminology that confirms the pleader has failed to satisfy the notice pleading standard that applies to both plaintiffs and defendants in the federal court system. If Target's counsel truly believes that plaintiff Larry Craddieth has fallen short in any of the respects spoken of in those three ADs, that shortfall must be identified with appropriate specificity.

Accordingly all of the provisions of the Answer and ADs referred to in this memorandum order are stricken, but with leave granted to file an appropriate amendment to the responsive pleading on or before November 23, 2009. In the absence of the required particularization as to any of the ADs, that AD will remain stricken.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 12, 2009